IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| FLOYD DINSDALE BOLDING, | ) | |
|     Plaintiff, | ) | Civil Action No. 7:14cv00152 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| RANDALL C. MATHENA, | ) | By: Michael F. Urbanski |
|     Defendant. | ) | United States District Judge |

Floyd Dinsdale Bolding, a Virginia inmate proceeding *pro se*, brings this action under 42 U.S.C. § 1983 against Randall Mathena, Warden of Red Onion State Prison. Bolding alleges, *in toto*, that he was "made to stand, kneel down, and sit on a concrete floor, while keeping [his] hands on top of [his] head with fingers interlocked for over 2 ½ hours continuously." The court finds that Bolding has failed to state a claim against the named defendant and, therefore, will dismiss his complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

To state a cause of action under § 1983, a plaintiff must allege facts indicating that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42 (1988). Inasmuch as Bolding alleges no facts against, or conduct committed by, defendant Mathena, the court finds that Bolding has failed to state a

claim under § 1983.[1]  Accordingly, the court will dismiss Bolding's § 1983 action without prejudice pursuant to § 1915A(b)(1).

Entered: May 19, 2014

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge

---

[1] Further, even if Bolding had alleges his facts against a named defendant, his allegations nevertheless fail to state a cognizable claim. Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement. "To the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). While Bolding's allegations may demonstrate inconvenient, uncomfortable, and even restrictive conditions, he has not alleged anything to suggest that the conditions violated contemporary standards of decency or that a defendant was deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). Nor has Bolding alleged that the conditions caused a serious or significant injury or created a risk of future injury. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993). Therefore, the court finds that Bolding has failed to state a constitutional claim under the Eighth Amendment.